**UNITED STATES of America, Appellant,**

v.

**Chaim RUTTNER, Defendant,**

**Leiby Goldberger, Defendant–Appellee.**

**No. 00–1527.**

United States Court of Appeals, Second Circuit.

Feb. 16, 2001.

Andrew J. Ceresney, Assistant United States Attorney for Mary Jo White, United States Attorney for the Southern District of New York; Christine H. Chung, Assistant United States Attorney, on the brief, for appellant.

Stephen Flamhaft, Flamhaft, Levy, Kamins & Hirsch, Brooklyn, NY, for appellee.

Present VAN GRAAFEILAND, CALABRESI, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is REVERSED and REMANDED.

The United States appeals from a judgment of the United States District Court for the Southern District of New York (McKenna, *J.*) departing downward from the applicable Guidelines range in sentencing defendant-appellee Leiby Goldberger ("Goldberger" or "defendant"). Goldberger, who pled guilty to charges of credit card fraud and conspiracy to commit credit card fraud, was found by the court to have exhibited extraordinary acceptance of responsibility and to have extraordinary family circumstances. Reversed.

### I.

Defendant pled guilty to an indictment charging him with a single count of con-

spiracy to commit credit card fraud, in violation of 18 U.S.C. § 1029(b)(2), and two substantive counts of credit card fraud in violation of 18 U.S.C. §§ 1029(a)(2) and (a)(5). At sentencing, Judge McKenna took note of the fact that Goldberger was the father of two-and-a-half-year-old triplets and that, as a result, his wife would bear an "enormous burden" if left to care for the children on her own. Judge McKenna also said that he had received a letter from Rabbi Yitzchok Ashkenazi, a clergyman from Goldberger's community, which stated that Goldberger had been meeting with Rabbi Ashkenazi for counseling on a daily basis for two months and that, in Rabbi Ashkenazi's view, Goldberger was "extremely sorry" and "very remorseful." The district court then granted a downward departure of three levels under the Sentencing Guidelines "on the ground of extraordinary family circumstances [a]nd also on the ground [of] extraordinary acceptance of responsibility."

The government appeals.

## II.

■ An offense-level reduction for acceptance of responsibility, under United States Sentencing Guideline § 3E1.1, may be appropriate where a defendant "truthfully admit[s] the conduct comprising the offense(s) of conviction." U.S.S.G. § 3E1.1, cmt. n. 1. And, this court has acknowledged that "a defendant who exhibits a higher degree of contrition than contemplated by § 3E1.1 may, in an appropriate case, [even] [receive] a downward departure." *United States v. Rogers*, 972 F.2d 489, 493 (2d

Cir.1992) (internal quotation marks omitted) (second alteration in original). The letter submitted by Rabbi Ashkenazi, however, does not reflect acceptance of responsibility that is "extraordinary." Therefore, we hold that the district court abused its discretion in granting a departure on that basis. As the government points out in its brief, there is nothing that unusual about a criminal defendant expressing serious contrition "as the proverbial day of reckoning nears."[1]

■ With respect to the finding of extraordinary family circumstances, we note that under U.S.S.G. § 5H1.6, "[f]amily ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." Nevertheless, "[i]n this circuit a district court may depart downward in sentencing a defendant due to extraordinary family circumstances." *United States v. Walker* 191 F.3d 326, 338 (2d Cir.1999).

The fact that Goldberger has three young children cannot, without more, give rise to a downward departure. *See, e.g., United States v. Sprei*, 145 F.3d 528, 535 (2d Cir.1998) ("We have in the past upheld departures based on family circumstances where the family was *uniquely* dependent on the defendant's ability to maintain existing financial and emotional commitments.") (emphasis added). On the existing record, Goldberger failed to demonstrate that there is anything extraordinary about his family circum-

---

1. It is also worth noting that, outside of his relationship with Rabbi Ashkenazi, Goldberger's post-arrest conduct has been the opposite of exemplary. While out on bail, he has been convicted, in the New York state courts, of check kiting. There is also evidence that Goldberger has stolen at least $1,000 in mer-

chandise, and possibly much more, from his employer. While it is not logically impossible for a defendant to engage in repeated criminal conduct after his arrest and still later demonstrate extraordinary acceptance of responsibility, it is highly unlikely.

stances other than the presence of three very young children.[2]

### CONCLUSION

The judgment of the district court is REVERSED and the case is REMANDED for resentencing consistent with this opinion.

2. Defendant's claim that he is the sole means of support for his family has not been substantiated in any way. At oral argument, defendant's counsel suggested that additional family circumstances warranting a reduction existed. But the burden of demonstrating the presence of such factors rests on the defendant and no such showing was made below.